**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jonathan FLORES–REYES,
Defendant–Appellant.**

**No. 12–10009.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2013.*

Filed Aug. 21, 2013.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Henry L. Jacobs, Law Offices of Henry Jacobs, Tucson, AZ, for Defendant–Appellant.

Jonathan Flores–Reyes, Herlong, CA, pro se.

Before: SCHROEDER, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM ***

Jonathan Flores–Reyes appeals from the district court's judgment and challenges his guilty-plea conviction and 77–month sentence for reentry after deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Flores–Reyes's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Flores–Reyes the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable issue as to Flores-Reyes's conviction. However, the district court imposed a 16–level enhancement based on its conclusion that Flores–Reyes's prior conviction under California Health and Safety Code § 11351 was categorically a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i). After sentencing, this court held that section 11351

*See* Fed. R.App. P. 34(a)(2).

is not categorically a drug trafficking offense. *See United States v. Leal–Vega*, 680 F.3d 1160, 1167 (9th Cir.2012), *cert. denied*, —— U.S. ——; 133 S.Ct. 982, 184 L.Ed.2d 765 (2013). Accordingly, we vacate the sentence and remand for resentencing so that the district court may determine in the first instance, on an open record, whether Flores–Reyes's prior conviction qualifies as a drug trafficking offense under the modified categorical approach. *See id.* at 1167–69.

The motion of Henry Jacobs, Esq., 2030 E. Speedway Blvd., Suite 212, Tucson, Arizona 85719, (520) 300–4113, to withdraw is **GRANTED.** New counsel will be appointed by separate order.

The Clerk shall serve a copy of this memorandum disposition on the appointing authority for the District of Arizona, who will locate appointed counsel.

**AFFIRMED in part; VACATED and REMANDED for resentencing.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.